UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GERALD ALDERSON,

   Plaintiff,

 vs.

JPMORGAN CHASE BANK, N.A., et al.,

   Defendants.

3:13-cv-00487-RCJ-VPC

ORDER

  This foreclosure case arises out of a dispute over the amount in delinquency listed on a second notice of default. Defendants JPMorgan Chase Bank ("Chase") and California Reconveyance Company ("CRC") (collectively "Defendants") have moved to dismiss. (ECF No. 4). For the reasons stated herein, the motion to dismiss is granted, with leave to amend the complaint within twenty-one (21) days of the entry of this order into the electronic docket.

**I. FACTS AND PROCEDURAL HISTORY**

  On April 19, 2000, Anne Alderson and Richard Tucker (the "Borrowers") obtained a $500,000 loan (the "First Note") from Washington Mutual Bank, F.A. ("WaMu") to finance property located at 12605 Prosser Dam Road, Truckee, California 96191 (the "Property"). The loan was secured by a deed of trust (the "First DOT") recorded against the Property. (First DOT, ECF No. 4-1, at 2–3; Compl., ECF No. 1-1, at 3–4). Defendant CRC is designated as the trustee under the First DOT. (ECF No. 4-1, at 2).

  In August 2006, Tucker conveyed his interest in the encumbered Property to Anne Alderson ("Anne"), who still owns the same. (Compl., ECF No. 1-1, at 3). Anne then obtained a loan (the "Second Note") from Plaintiff Gerald Alderson ("Plaintiff" or "Alderson"), in the

amount of $150,000, secured by a subordinate deed of trust (the "Second DOT"). (*See* Second DOT, ECF No. 4-2; *see also* Compl., ECF No. 1-1, at 4).

Defendant Chase acquired the right to enforce the First Note and First DOT from the FDIC, acting as receiver for WaMu. (*See* Compl., ECF No. 1-1, at 4; *see also* Purchase and Assumption Agreement, ECF No. 4-3). Anne allegedly fell behind on the First Note, and on May 16, 2011, as permitted under paragraph 21 of the First DOT, (ECF No. 4-1, at 7), Defendants recorded a notice of default (the "First NOD") against the Property. (Compl., ECF No. 1-1, at 4; First NOD, ECF No. 4-4).

According to the Complaint, on July 19, 2011, Plaintiff Alderson cured the delinquency described in the First NOD, (Compl., ECF No. 1-1, at 4), which was consequently rescinded, (*see* Notice of Rescission, ECF No. 4-5). On June 8, 2012, Anne again fell behind on the First Note, (Compl., ECF No. 1-1, at 5), and Defendants recorded a second notice of default (the "Second NOD") against the Property, (ECF No. 4-6). According to the Second NOD, as of June 7, 2012, the delinquency on the First Note was $53,568.36. (*Id.*).[1]

Alderson disputes the amount of arrearages stated in the Second NOD. (*See* Compl., ECF No. 1-1, at 4–5). While he acknowledges that Anne is currently behind by approximately $11,000, he contends that the balance of the alleged $53,568.36 delinquency (approximately $43,000) is illegally based on various charges that predate the First NOD, which Defendants failed to include on the now-cured First NOD. (*Id.*). Alderson asserts that his cure of the prior default prevents Chase from collecting on any of these preexisting, but omitted, charges. Chase disagrees, contending that California law, which allegedly governs disputes related to the First

---

[1] Defendants allege that this delinquency has now grown due to Anne's failure to make required loan and escrow payments after June, 2012.

2

DOT, (*see* First DOT, ECF No. 4-1, at 2–3), specifically allows the inclusion of such charges on subsequent notices of default.

On August 19, 2013, Alderson filed the instant complaint, asserting claims for (1) injunctive relief; (2) declaratory relief; (3) breach of the implied covenant of good faith and fair dealing; and (4) attorney's fees. (Compl. ECF No. 1-1, at 6–4). On September 11, 2013, Defendants removed the action to this Court. (ECF No. 1), and they now move to dismiss. (ECF No. 4). The Court heard oral argument on February 3, 2014 and now grants the motion, with leave to amend the complaint to correct, if possible, the deficiencies set forth below.

## II.  LEGAL STANDARDS

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not

need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

    If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.     ANALYSIS

Alderson enumerates four causes of action: (1) injunctive relief; (2) declaratory relief; (3) breach of the implied covenant of good faith and fair dealing; and (4) attorney's fees. (Compl. ECF No. 1-1, at 6–4). Defendants argue that "claims" for injunctive or declaratory relief are not proper causes of action. Defendants are correct; declaratory relief, like injunctive relief, is a remedy, not an underlying substantive claim. *Daisy Trust v. JPMorgan Chase Bank*, *N.A.*, No. 2:13-CV-00966-RCJ-VCF, 2013 WL 6528467 at *4 (D. Nev. Dec. 11, 2013) (citing *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007)); *see also Jensen v. Quality Loan Service Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."). Therefore, the causes of action for injunctive and declaratory relief are dismissed, and the Court is left to consider claims three and four.

### a.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Alderson has failed to state a claim for breach of the implied covenant of good faith and fair dealing (the "Implied Covenant").[2] "It is well established within Nevada that every contract imposes upon the contracting parties the duty of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993). "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Hilton Hotels Corps. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). A

---

[2] The Court notes, as an initial matter, that the parties argue, a great length, about whether California law permits the subsequent assessment of charges omitted from a prior notice of a now-cured default. However, the Court need not reach this issue, having concluded that each of Alderson's enumerated claims fails to satisfy the Rule 12(b)(6) standard.

breach of the covenant occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract . . . ." *Id*. Therefore, only a party to a valid contract can be liable for breach of the duty of good faith and fair dealing. *See id.*

Here, Alderson has failed to allege that he entered into a contract with Defendants. While his opposition to the instant motion contains a vague reference to an "implied contract," (ECF No. 7, at 11), this allegation appears nowhere in the complaint, (*see generally* ECF No. 1-1), and even if it did, it is conclusory at best. Accordingly, it cannot be read to support the claim for breach of the Implied Covenant. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)); *see also 2 Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). More importantly, however, the complaint itself lacks factual allegations sufficient to support a plausible inference of an enforceable contract. Therefore, the Court must dismiss the claim for breach of the Implied Covenant, but it will grant Alderson leave to amend the complaint to allege, if possible, facts that would support an inference of an offer, acceptance, and consideration. *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (An enforceable contract requires an offer and acceptance, a meeting of the minds, and consideration.). Alderson is, however, advised that he need not only allege the existence of a contract; a viable claim for breach of the Implied Covenant will also require facts supporting the inference that Defendants performed in a manner that "deliberately contravene[d] the intention and spirit of the contract." *Hilton Hotels Corps.*, 808 P.2d at 923. Without such allegations, the complaint will not survive a second motion to dismiss.

6

In the alternative, Alderson is also free to amend the complaint to include allegations sufficient to state a claim for promissory estoppel. Should he pursue this course, he must identify the content of, and circumstances surrounding, a promise that induced reasonable, detrimental reliance. *See Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984) ("To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped."). In fact, because it is unlikely that Chase's rescission of the first NOD established adequate consideration, *see Clark Cnty. v. Bonanza No. 1*, 615 P.2d 939, 944 (Nev. 1980) ("Consideration is not adequate when it is a mere promise to perform that which the promisor is already bound to do."), promissory estoppel may well be Alderson's only viable claim for relief, *see Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) (Promissory estoppel is a substitute for consideration when consideration is lacking.).

### b. Attorney's Fees

Alderson seeks attorney's fees for having to bring this action. This claim is plainly unsustainable. As a general rule, under both Nevada and California law, attorney's fees are not recoverable absent a statute or contractual provision to the contrary. *Horgan v. Felton*, 170 P.3d 982, 986 (Nev. 2007); Cal. Civ. Proc. Code § 1021. Alderson has not, and likely cannot, demonstrate any such provision here. The claim for attorney's fees is therefore dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend within twenty-one (21) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

Dated:  January 6, 2014

_____
ROBERT C. JONES
United States District Judge