UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD ALDERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>    Defendants. | Case No.: 3:13-cv-00487-RCJ-VPC<br><br>**ORDER** |

    This case arises out of a dispute over the amount in delinquency listed on a second notice of default. Pending before the Court is a Motion to Remand (ECF No. 26). For the reasons given herein, the Court denies the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

    On April 19, 2000, Anne Alderson and Richard Tucker (collectively, "Borrowers") obtained a $500,000 loan (the "First Note") from Washington Mutual Bank, F.A. ("WaMu") to finance the purchase of property located at 12605 Prosser Dam Road, Truckee, California 96191 (the "Property"). The loan was secured by a deed of trust (the "First DOT") against the Property. (*See* First DOT 2–3, ECF No. 4-1; Compl. 3–4, ECF No. 1-1). Defendant California Reconveyance Co. ("CRC") is the trustee under the First DOT. (*See* First DOT 2).

In August 2006, Tucker conveyed his interest in the Property to Anne Alderson ("Anne"), who still owns it. (Compl. 3).  Anne then obtained a loan (the "Second Note") from Plaintiff Gerald Alderson ("Plaintiff" or "Gerald"), in the amount of $150,000, secured by a deed of trust (the "Second DOT") against the Property. (*See* Second DOT, ECF No. 4-2; Compl. 4).

Defendant JPMorgan Chase Bank, N.A. ("Chase") acquired the right to enforce the First Note and First DOT from the FDIC, acting as receiver for WaMu. (*See* Compl. 4; Purchase and Assumption Agreement, ECF No. 4-3).  Anne defaulted on the First Note, and on May 16, 2011, Defendants recorded a notice of default (the "First NOD") against the Property. (Compl. 4; *see* First NOD, ECF No. 4-4).

On July 19, 2011, Plaintiff cured the delinquency described in the First NOD, (Compl. 4), which was consequently rescinded, (*see* Notice of Rescission, ECF No. 4-5).  On June 8, 2012, Anne again defaulted on the First Note, (Compl. 5), and Defendants recorded a second notice of default (the "Second NOD") against the Property, (*see* Second NOD, ECF No. 4-6).  According to the Second NOD, as of June 7, 2012, the delinquency on the First Note was $53,568.36. (*See id.*).

Plaintiff disputes the amount of the delinquency stated in the Second NOD. (*See* Compl. 4–5). While he acknowledges that Anne is currently behind by approximately $11,000, he contends that the balance of the alleged $53,568.36 delinquency (approximately $43,000) is illegally based on various charges that predate the First NOD, which Defendants failed to include on the now-cured First NOD. (*Id.*).  Plaintiff asserts that his cure of the prior default prevents Chase from collecting on any preexisting charges omitted from the First NOD.  Chase argues that California law, which allegedly governs disputes related to the First DOT, (*see* First DOT 2–3), specifically allows the inclusion of such charges on subsequent notices of default.

Plaintiff filed the Complaint in Nevada state court, asserting claims for: (1) injunctive relief; (2) declaratory relief; (3) breach of the implied covenant of good faith and fair dealing; and (4) attorney's fees. Defendants removed and moved to dismiss. The Court granted the motion, with leave to amend. In dismissing, the Court noted that injunctive and declaratory relief are remedies, not causes of action, that Plaintiff had identified no statute or rule entitling him to attorney's fees, and that he had he could not maintain a claim for a breach of the implied covenant of good faith and fair dealing unless he alleged a contract between him and Defendants.

In the First Amended Complaint ("FAC"), Plaintiff has listed claims for: (1) fraud; (2) consumer fraud under Chapters 41 and 598 of the Nevada Revised Statutes ("NRS"); (3) negligent misrepresentation; (4) conversion; (5) breach of contract; (6) breach of the implied covenant of good faith and fair dealing; and (7) attorney's fees pursuant to *American Federation of Musicians v. Reno's Riverside Hotel*, 475 P.2d 220 (Nev. 1970). Plaintiff has also moved to remand for failure to satisfy the amount-in-controversy requirement.

## II.  LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Diversity jurisdiction is determined as of the date of removal. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571–72 (2004) ("Th[e] time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing . . . ."); *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th

Cir. 1986) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)).  In a quiet-title- or foreclosure-type action, the value of the entire real estate to which the plaintiff's claims pertain determines the amount in controversy for the purposes of the diversity statute. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011).

### III.   ANALYSIS

Plaintiff argues that only $23,514.88 is at stake, because that is the amount he alleges Defendants have improperly included on the Second NOD, which Plaintiff must now cure before foreclosure on the First DOT in order to protect his security interest in the Property under the Second DOT.  But the law is clear that the object of the litigation in a case such as the present one is the Property itself, and no party appears to dispute the Property is worth more than $75,000.  The fact that Plaintiff has withdrawn his claim for declaratory judgment from the FAC is inapposite, because the claim was pending at the time of removal. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated:  This 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge